J-A10019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF: HARVEY KATURAN, AN ALLEGED INCAPACITATED PERSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ROCHELLE KATURAN AND KENT A. YALOWITZ | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1582 EDA 2020 |

Appeal from the Order Entered July 7, 2020
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  No. 1440AI of 2019

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 16, 2021**

Appellants, Rochelle Katuran and Kent A. Yalowitz, appeal from the orders entered on July 7, 2020.  We affirm.

The Orphans' Court ably summarized the underlying facts and procedural posture of this case:

> On November 8, 2019, [Rochelle K. Katuran ("Petitioner Rochelle Katuran")], wife of the alleged incapacitated person, Harvey Katuran [("the AIP")], filed a *pro se* petition for the Adjudication of Incapacity and Appointment of a Limited Guardian of the Person and Estate of Harvey Katuran, requesting that she be appointed as limited guardian to pay the AIP's ongoing expenses, organize his medical care and make medical decisions. The petition indicated that the AIP was in Arizona at the time of filing. Attached to the petition was a copy of a Medical Durable Power of Attorney and Living Will Declaration, and Living Will both dated September 11, 2017, naming [Petitioner Rochelle Katuran] as primary agent and Jennifer Zezza as successor agent. A letter dated

_____

[*] Retired Senior Judge assigned to the Superior Court.

September 3, 2019, from a Dr. Roy Hamilton, MD, MS addressed, "to whom it may concern," indicating that Mr. Katuran "has a neurological condition that deems him incapable of financial decision making" was also attached to the petition. No physician deposition or expert report was provided with the petition. Based upon concerns over the averments in the petition, on December 23, 2019, the court appointed attorney Regina Diamond, Esquire [("court appointed counsel")] as counsel for the AIP and a hearing on the Petition was scheduled for January 7, 2020.

On January 6, 2020, the court received correspondence from Debra G. Speyer, Esquire [("retained counsel")], indicating that she had been retained by the AIP, requesting that the hearing be postponed, and requesting a conference be scheduled in lieu of another hearing date. She further indicated that the AIP was not planning to return to Pennsylvania from Arizona. On January 7, 2020, Appellant, retained counsel and Court appointed counsel appeared for the adjudicatory hearing. [Petitioner Rochelle Katuran's] son, Kent Yalowitz [("Petitioner Kent Yalowitz")], a New York attorney was also present. The AIP did not appear, service was not accomplished and jurisdiction of the Court was not established. . . .

Pursuant to the representations of the parties, the court concluded that additional information was needed on the issue of the AIP's representation and the most appropriate forum, and ordered that the AIP be present at the next hearing. . . .

On January 8, 2020, retained counsel provided the court with a copy of the retainer agreement between herself and the AIP. On January 9, the court received correspondence from court appointed counsel indicating that she conversed with the AIP on January 8, 2020, and, "throughout the phone call it was apparent that the AIP has possibly significant memory problems." On January 21, 2020, jurisdiction not having been established at the January 7, 2020 hearing, the court issued an alias citation rescheduling the hearing on [Petitioner Rochelle Katuran's] Petition for March 17, 2020. . . .

On January 23, 2020[,] the court received correspondence from retained counsel in response to appointed counsel's

January 9, 2020 correspondence, indicating that she had again spoken with the AIP, and that he was "unequivocally capable of stating that he wished to continue to retain her." She further indicated that the AIP had engaged the services of separate Arizona attorneys to prepare estate documents and handle his divorce, and that she believed he had the capacity to retain counsel and to understand and execute documents. . . .

On March 3, 2020, retained counsel requested a continuance of the March 17, 2020 hearing because the AIP was in the process of obtaining a divorce from [Petitioner Rochelle Katuran]. The request for continuance was denied. On March 11, 2020, retained counsel filed a "Motion to Dismiss Guardianship Proceedings for a More Appropriate Forum (motion to dismiss)," citing 20 Pa.C.S. § 5916, averring that Arizona was the more appropriate forum, that a lesser restrictive alternative to guardianship existed, and citing financial and emotional conflicts of interest between [Petitioner Rochelle Katuran] and the AIP. Included with the petition was a copy of a "Durable General Financial Power of Attorney and Designation of Guardian and Conservator of Harvey Katuran," dated September 19, 2019, naming Jennifer Zezza as primary agent and Michael Kane as first successor agent. On March 13, 2020, attorney M.K. Feeney, Esquire entered her appearance on behalf of Appellant. On March 16, 2020, all court operations were suspended due to the national pandemic and health crisis due to the COVID-19 coronavirus.

After several months of inactivity due to the pandemic and ensuing court shutdown, the court developed a procedure by which some proceedings could be conducted by remote video conferencing using the Zoom platform [("Zoom")], provided all parties agreed. All parties in the case agreed to proceed in that fashion, and a hearing on the motion to dismiss was scheduled for July 7, 2020. On June 23, 2020, M.K. Feeney, attorney for Appellant, filed a motion to withdraw, citing a breakdown in the attorney-client relationship. . . .

On June 26, 2020, [Petitioner Kent Yalowitz], Appellant's son, [stepson] to the AIP, filed a petition to intervene as co-petitioner, for an order for examination of the AIP, and his response in opposition to the motion to dismiss.

- 3 -

At the July 7, 2020 Zoom remote video hearing, the Court heard argument on the motion to dismiss. Retained counsel argued that the most appropriate forum would be Arizona, asserting that a less restrictive alternative to guardianship existed; that several areas of conflicts of interest, emotional and financial, existed; and noted the AIP's significant connection to Arizona. She further cited the Arizona divorce proceeding which was being held in abeyance awaiting the outcome of the hearings in Pennsylvania. . . .

Court appointed counsel agreed [with retained counsel], and further argued that the [Petitioner Kent Yalowitz's] filings should not be considered as they were not timely filed. . . .

[Petitioner Rochelle Katuran's] counsel argued that, at the time the petition was filed, the AIP met the jurisdictional requirements of Pennsylvania, and that she believed that the court should retain jurisdiction. . . .

The court listened carefully to the arguments of all counsel, and determined that, based upon 20 Pa.C.S.A. § 5916, Arizona was the more appropriate forum for this case to be heard. The court granted retained counsel's Motion to Dismiss Guardianship Proceedings, and permitted [Petitioner Rochelle Katuran's] counsel to withdraw. [Petitioner Kent Yalowitz's] petition was dismissed as moot.

Immediately thereafter, [Petitioner Kent Yalowitz] informed the court that the AIP had joined the Zoom video hearing. The AIP was sworn and testified, under oath, that he was a resident of Phoenix, Arizona, and that he was not planning to return to Pennsylvania. The court permitted additional questioning, limited to the issue of where the AIP resided and his intention of returning to Pennsylvania. Following testimony from the AIP, and some additional questioning and argument from the [Petitioner Kent Yalowitz], the court reiterated that it was choosing to decline jurisdiction. This appeal by [Appellants] followed.

Orphans' Court Opinion, 10/28/20, at 1-6 (footnotes and some capitalization omitted).

Appellants raise three claims on appeal:

[1.] Whether the trial court had personal jurisdiction over the AIP[?]

[2.] Whether the trial court should have dismissed the petition for appointment of a guardian in favor of Arizona as a "more appropriate forum[?]"

[3.] Whether a remand is necessary to allow the trial court to consider the motion to intervene[?]

Appellants' Brief at 4.

We have reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able trial court judge, the Honorable Sheila Woods-Skipper. We conclude that Appellants are not entitled to relief in this case, for the reasons expressed in Judge Woods-Skipper's October 28, 2020 opinion. Therefore, we affirm on the basis of Judge Woods-Skipper's thorough opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Woods-Skipper's October 28, 2020 opinion.

Orders affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 9/16/2021*

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
ORPHANS COURT DIVISION

Estate of Harvey Katuran
an alleged Incapacitated Person

O.C. No. 201901440 AI
Control No. 202645

Appeal of Rochelle Katuran
and Kent A. Yalowitz

Harvey Katuran, An Alleged Inc Per



20190144001037

Appeal No. 1582 EDA 2020

**<u>OPINION</u>**

This appeal arises from the decision of the Court to dismiss Appellant, Rochelle K. Katuran's Petition for the Adjudication of Incapacity and Appointment of a Guardian of the Person and Estate of Harvey Katuran, an alleged incapacitated person, and to dismiss Appellant, Kent Yalowitz's Petition to Intervene. On July 7, 2020, following a hearing on the Motion To Dismiss Guardianship Proceedings For A More Appropriate Forum filed by retained counsel for the alleged incapacitated person, the Court determined that another state was the more appropriate forum to address the Petition, dismissed the Petition and, in light of the ruling, found the Petition to Intervene moot. For the reasons below, the Court's decision should be affirmed.

On November 8, 2019, appellant Rochelle K. Katuran (Appellant), wife of the alleged incapacitated person, Harvey Katuran (AIP), filed a *pro se* petition for the Adjudication of Incapacity and Appointment of a Limited Guardian of the Person and Estate of Harvey Katuran, requesting that she be appointed as limited guardian to pay the AIP's ongoing expenses, organize his medical care

1

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) K. FRENCH 10/28/2020

and make medical decisions. The petition indicated that the AIP was in Arizona at the time of filing. Attached to the petition was a copy of a Medical Durable Power of Attorney and Living Will Declaration, and Living Will both dated September 11, 2017, naming Rochelle Kaufman Katuran as primary agent and Jennifer Zezza as successor agent. A letter dated September 3, 2019, from a Dr. Roy Hamilton, MD, MS addressed, "to whom it may concern," indicating that Mr. Katuran "has a neurological condition that deems him incapable of financial decision making" was also attached to the petition. No physician deposition or expert report was provided with the petition. Based upon concerns over the averments in the petition, on December 23, 2019, the Court appointed attorney Regina Diamond, Esquire (Court appointed counsel) as counsel for the AIP and a hearing on the Petition was scheduled for January 7, 2020.

On January 6, 2020, the Court received correspondence from Debra G. Speyer, Esquire (retained counsel), indicating that she had been retained by the AIP, requesting that the hearing be postponed, and requesting a conference be scheduled in lieu of another hearing date. She further indicated that the AIP was not planning to return to Pennsylvania from Arizona.[1] On January 7, 2020, Appellant, retained counsel and Court appointed counsel appeared for the adjudicatory hearing.[2] Appellant's son, Kent Yalowitz, a New York attorney

---

[1] The AIP requested that the hearing on the Petition be continued until the weather was warmer in Philadelphia.

[2] Retained counsel represented to the Court that she filed a response to Appellant's Petition for adjudication, the day before, but it was not available for the January 7, 2020 hearing. The Court initially accepted retained counsel's representation, but following further argument,

was also present. The AIP did not appear, service was not accomplished and jurisdiction of the Court was not established. Pursuant to the representations of the parties, the Court concluded that additional information was needed on the issue of the AIP's representation and the most appropriate forum, and ordered that the AIP be present at the next hearing. On January 8, 2020, retained counsel provided the Court with a copy of the retainer agreement between herself and the AIP. On January 9, the Court received correspondence from Court appointed counsel indicating that she conversed with the AIP on January 8, 2020, and, "throughout the phone call it was apparent that the AIP has possibly significant memory problems."[3] On January 21, 2020, jurisdiction not having been established at the January 7, 2020 hearing, the Court issued an alias citation rescheduling the hearing on Appellant's Petition for March 17, 2020. On January 23, 2020 the Court received correspondence from retained counsel in response to appointed counsel's January 9, 2020 correspondence, indicating that she had again spoken with the AIP, and that he was "unequivocally capable of stating that he wished to continue to retain her."[4] She further indicated that the AIP had engaged the services of separate Arizona attorneys to prepare estate documents and handle his divorce, and that she

---

appointed counsel was permitted to stay on as the Court had some concerns about the AIP's ability to retain counsel, and retained counsel's compliance with Rule 14.1. See N.T. 01/07/20 pg. 6-10. The Notes of Testimony from the January 7, 2020 hearing are attached as Exhibit A.

[3] See Exhibit B, Letter to the Court from attorney Regina B. Diamond, Esquire, Court appointed counsel for the AIP dated January 9, 2020.

[4] See Exhibit C, Letter to the Court from attorney Debra G. Speyer, Esquire, retained counsel for the AIP dated January 23, 2020.

believed he had the capacity to retain counsel and to understand and execute documents. On March 3, 2020, retained counsel requested a continuance of the March 17, 2020 hearing because the AIP was in the process of obtaining a divorce from Appellant. The request for continuance was denied. On March 11, 2020, retained counsel filed a "Motion To Dismiss Guardianship Proceedings For A More Appropriate Forum (motion to dismiss)," citing 20 Pa.C.S. § 5916, averring that Arizona was the more appropriate forum, that a lesser restrictive alternative to guardianship existed, and citing financial and emotional conflicts of interest between Appellant and the AIP. Included with the petition was a copy of a "Durable General Financial Power Of Attorney and Designation of Guardian and Conservator of Harvey Katuran," dated September 19, 2019, naming Jennifer Zezza as primary agent and Michael Kane as first successor agent. On March 13, 2020, attorney M.K. Feeney, Esquire entered her appearance on behalf of Appellant. On March 16, 2020, all court operations were suspended due to the national pandemic and health crisis due to the COVID-19 coronavirus.

After several months of inactivity due to the pandemic and ensuing court shutdown, the Court developed a procedure by which some proceedings could be conducted by remote video conferencing using the ZOOM platform (ZOOM), provided all parties agreed. All parties in the case agreed to proceed in that fashion, and a hearing on the motion to dismiss was scheduled for July 7, 2020. On June 23, 2020, M.K. Feeney, attorney for Appellant, filed a motion to withdraw, citing a breakdown in the attorney-client relationship. On June 26,

2020, Kent Yalowitz, (Intervenor) Appellant's son, step-son to the AIP, filed a petition to intervene as co-petitioner, for an order for examination of the AIP, and his response in opposition to the motion to dismiss. [5]

At the July 7, 2020 ZOOM remote video hearing, the Court heard argument on the motion to dismiss. Retained counsel argued that the most appropriate forum would be Arizona, asserting that a less restrictive alternative to guardianship existed; that several areas of conflicts of interest, emotional and financial, existed; and noted the AIP's significant connection to Arizona. She further cited the Arizona divorce proceeding which was being held in abeyance awaiting the outcome of the hearings in Pennsylvania. [6] Court appointed counsel agreed, and further argued that the Intervenor's filings should not be considered as they were not timely filed. Appellant's counsel argued that, at the time the petition was filed, the AIP met the jurisdictional requirements of Pennsylvania, and that she believed that the Court should retain jurisdiction. The Court listened carefully to the arguments of all counsel, and determined that, based upon 20 Pa.C.S.A. § 5916, Arizona was the more appropriate forum for this case to be heard. The Court granted retained counsel's Motion to Dismiss Guardianship Proceedings, and permitted Appellant's counsel to withdraw. Intervenor's petition was dismissed as moot.

---

[5] On March 12, 2020, attorney Suzanne Pritchard Esquire entered her appearance for Kent Yalowitz, Appellant's son, a New York attorney. However, prior to the July 7, 2020 hearing on the motion, attorney Suzanne Pritchard withdrew her representation.

[6] Retained counsel's motion to dismiss is attached as Exhibit D.

Immediately thereafter, Intervenor informed the Court that the AIP had joined the ZOOM video hearing. The AIP was sworn and testified, under oath, that he was a resident of Phoenix, Arizona, and that he was not planning to return to Pennsylvania. The Court permitted additional questioning, limited to the issue of where the AIP resided and his intention of returning to Pennsylvania. Following testimony from the AIP, and some additional questioning and argument from the Intervenor, the Court reiterated that it was choosing to decline jurisdiction. This appeal by Appellant and Intervenor followed.

In reviewing a decision of the Orphans' court, [the reviewing court's] responsibility is to assure that the record is free from legal error and to determine if the orphans' court's findings are supported by competent and adequate evidence. In re Estate of Plance, 175 A.3d 249, 259, 644 Pa. 232, 249–50 (Pa., 2017). Review of questions of law is *de novo,* and the scope of review is plenary, as the entire record may be reviewed in making the determination. In re Fiedler, 132 A.3d 1010, 1018 (Pa. Super. 2016). In making the determination, all the evidence supporting the findings and all reasonable inferences therefrom are taken as true. Id. The allegations of error that form the basis of this appeal are clear.[7] Appellant challenges the decision of the

---

[7] Pa.R.A.P. 1925 (b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court. If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
Rule 1925. Opinion in Support of Order, PA ST RAP Rule 1925

Court to decline to exercise its jurisdiction over the Petition for Adjudication of Incapacity and Appointment of Guardian, and the Intervenor challenges the Court's decision that his petition to intervene therefore moot. It is not disputed that the Court could have exercised jurisdiction to appoint a guardian for the AIP based on the averments in the November 8, 2019 petition that Pennsylvania is the home state of the AIP, despite that the AIP had been in Arizona since August 8, 2019.[8] See 20 Pa.C.S.A. § 5913. However, the AIP did not appear at the initial January 7, 2020 remote video ZOOM hearing on the petition, and retained counsel represented to the Court that the AIP would not be returning to Pennsylvania. (N.T. 01/07/20 pg. 6-9). Neither Court appointed counsel or retained counsel indicated to the Court that proper service had been made on the AIP, or that the AIP was aware or understood that guardianship proceedings were being started in Pennsylvania. As such the Court's jurisdiction over the AIP had not been established.

Moreover, the Court may decline to exercise its jurisdiction if it determines at any time that a court of another state is a more appropriate forum. See 20 Pa.C.S.A. § 5916(a).[9] The AIP testified under oath that he was now a resident of Arizona and was not intending to return to Pennsylvania.

---

[8] The AIP's address was listed as 611 Washington Square South, Unit 311, Philadelphia, Pennsylvania, 19106, and at the time of filing, the AIP had not been in another state for six months.

[9] **Appropriate forum**. A court of this commonwealth having jurisdiction under section 5913 (relating to jurisdiction) to appoint a guardian or issue a protective order may decline to exercise its jurisdiction if it determines at any time that a court of another state is a more appropriate forum. 20 Pa.C.S.A. § 5916(a)

(N.T. 07/07/20 pg. 21-22). Retained counsel provided information in her petition showing that the AIP had established significant connections to Arizona. (Motion to Dismiss, dated March 11, 2020, pg. 5). The Court carefully reviewed the statutory factors relevant to making the determination to decline jurisdiction.[10] The Court looked at the AIP's expressed preference to remain in Arizona; the length of time the AIP had been in Arizona; the existence of the power of attorney and designation of guardian and conservator document executed September 19, 2019; the ability of the Court to decide issues expeditiously and the procedures necessary to present evidence were it to exercise jurisdiction; and the ability of the Court to monitor the conduct of the appointed guardian. The Court concluded that Arizona was a more appropriate forum, granted retained counsel's motion to dismiss. Furthermore, as Appellant's petition for guardianship of the AIP had now been dismissed, there was no matter for the putative intervenor to be a party to. Accordingly, the Intervenor's petition was dismissed as moot. See In re Fiedler, supra, (If events

---

[10] In determining whether it is an appropriate forum, the court shall consider all relevant factors, including:
(1) any expressed preference of the respondent;
(2) whether abuse, neglect or exploitation of the respondent has occurred or is likely to occur and which state could best protect the respondent from the abuse, neglect or exploitation;
(3) the length of time the respondent was physically present in or was a legal resident of this Commonwealth or another state;
(4) the distance of the respondent from the court in each state;
(5) the financial circumstances of the respondent's estate;
(6) the nature and location of the evidence;
(7) the ability of the court in each state to decide the issue expeditiously and the procedures necessary to present evidence;
(8) the familiarity of the court of each state with the facts and issues in the proceeding; and
(9) if an appointment were made, the court's ability to monitor the conduct of the guardian or conservator. 20 Pa.C.S. § 5916 (c).

occur to eliminate the claim or controversy at any stage in the process, the case becomes moot).[11]

For the foregoing reasons, the Court properly exercised its discretion and the decision of the Court should be affirmed.

BY THE COURT:

_____
WOODS-SKIPPER, J.

Date: October 23, 2020

---

[11] Notes of Testimony from the July 7, 2020, are attached as Exhibit E.